FILED
U.S. DISTRICT COURT
EASTERN DISTRICT ARKANSAS
FEB 24 2020
JAMES W. McCORMACK, CLERK
By: DEP CLERK

IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

**CHAD MCCANN, TONY BRYAN and KEVIN ABBOTT, Each Individually and on Behalf of all Others Similarly Situated** **PLAINTIFFS**

vs. No. 4:20-cv-184-BRW

**CCI GENERAL CONTRACTORS, LLC, and BRANDON OGLESBY** **DEFENDANTS**

This case assigned to District Judge Wilson
and to Magistrate Judge Kearney

**ORIGINAL COMPLAINT—COLLECTIVE ACTION**

COME NOW Plaintiffs Chad McCann, Tony Bryan and Kevin Abbott (collectively "Plaintiffs"), each individually and on behalf of all others similarly situated, by and through their attorneys Courtney Lowery and Josh Sanford of the Sanford Law Firm, PLLC, and for their Original Complaint—Collective Action against Defendants CCI General Contractors, LLC, and Brandon Oglesby (collectively "Defendant" or "Defendants"), they do state and allege as follows:

## I. PRELIMINARY STATEMENTS

1. This is a collective action brought by Plaintiffs, each individually and on behalf of all similarly situated employees who were employed by Defendants at any time within a three-year period preceding the filing of this Complaint.

2. Plaintiffs bring this action under the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* ("FLSA"), and the Arkansas Minimum Wage Act, Ark. Code Ann. § 11-4-201, *et seq.* ("AMWA"), for declaratory judgment, monetary damages, liquidated damages, prejudgment interest, and costs, including reasonable attorneys' fees as a

result of Defendants' failure to pay Plaintiffs and all other similarly situated employees minimum wage and/or lawful overtime compensation for hours worked in excess of forty (40) per week.

3. Upon information and belief, for at least three (3) years prior to the filing of this Complaint, Defendants have willfully and intentionally committed violations of the FLSA and the AMWA as described, *infra.*

## II. JURISDICTION AND VENUE

4. The United States District Court for the Eastern District of Arkansas has subject matter jurisdiction over this suit under the provisions of 28 U.S.C. § 1331 because this suit raises federal questions under the FLSA.

5. This Complaint also alleges AMWA violations, which arise out of the same set of operative facts as the federal cause of action herein alleged; accordingly, this Court has supplemental jurisdiction over Plaintiffs' AMWA claims pursuant to 28 U.S.C. § 1367(a).

6. Venue lies properly within this Court under 28 U.S.C. § 1391(b)(1) and (c)(2) because the State of Arkansas has personal jurisdiction over Defendants, and Defendants therefore "reside" in Arkansas.

7. Plaintiffs were employed by Defendants at Defendants' construction business located in Pulaski County. Therefore, the acts complained of herein were committed and had their principal effect against Plaintiffs within the Central Division of the Eastern District of Arkansas, and venue is proper within this District pursuant to 28 U.S.C. § 1391.

## III. THE PARTIES

8. Plaintiffs repeat and re-allege all the preceding paragraphs of this Complaint as if fully set forth in this section.

9. Plaintiff Chad McCann ("McCann") is a citizen and resident of White County.

10. Plaintiff Tony Bryan ("Bryan") is a citizen and resident of Pulaski County.

11. Plaintiff Kevin Abbott ("Abbott") is a citizen and resident of Benton County.

12. Plaintiffs were employed by Defendants within the three years preceding the filing of this lawsuit.

13. Separate Defendant CCI General Contractors, LLC ("CCI"), is a domestic limited liability company.

14. CCI's registered agent for service in Arkansas is Gerald Crochet, at 10201 West Markham, Suite 213, Little Rock, Arkansas 72205.

15. Separate Defendant Brandon Oglesby ("Oglesby") is a citizen and resident of Arkansas.

16. Oglesby is an owner, principal, officer and/or director of CCI.

17. Oglesby manages and controls the day-to-day operations of CCI, including but not limited to the decision to not pay Plaintiffs a sufficient premium for hours worked in excess of forty (40) per week.

18. Defendants provide remodeling services such as painting and flooring installations.

19. Defendants employ two or more individuals who engage in interstate commerce or business transactions, or who produce goods to be transported or sold in

interstate commerce, or who handle, sell, or otherwise work with goods or materials that have been moved in or produced for interstate commerce.

20. Defendants' annual gross volume of sales made or business done is not less than $500,000.00 (exclusive of excise taxes at the retail level that are separately stated) for each of the three years preceding the filing of this Complaint.

21. During each of the three years preceding the filing of this Original Complaint, Defendants continuously employed at least four (4) employees.

22. Defendants were Plaintiff's employer within the meaning of the FLSA, 29 U.S.C. § 203(d), and the Arkansas Minimum Wage Act, A.C.A. § 11-4-203, at all times relevant to this lawsuit.

## IV. FACTUAL ALLEGATIONS

23. Plaintiffs repeat and re-allege all the preceding paragraphs of this Complaint as if fully set forth in this section.

24. McCann was employed by Defendants as a Construction Worker from approximately October of 2019 to December of 2019.

25. Bryan was employed by Defendants as a Construction Worker from approximately September of 2019 to November of 2019.

26. Abbott was employed by Defendants as a Construction Worker from approximately January of 2019 to December of 2019.

27. As Construction Workers, Plaintiffs were assigned to construction sites and were responsible for painting and flooring installations.

28. Construction Workers were sometimes paid hourly and sometimes paid per job.

29. Defendants frequently switched all Construction Workers on a job to "piece rate" pay and paid them a flat fee of $2,000.00 for the entire job.

30. Defendants switched between pay structures at their own discretion.

31. When Defendants switched Construction Workers from hourly pay to piece-rate pay, they did not compensate Construction Workers for hours recorded prior to the switch.

32. Each job took approximately ten days to complete, with Construction Workers working approximately fourteen hours per day while the job was on-going.

33. Defendant did not properly record Plaintiffs' and other Construction Workers' hours, and so when they were paid hourly, Plaintiffs and other Construction Workers did not receive their full pay.

34. Defendants misclassified Construction Workers as independent contractors and as exempt from FLSA and AMWA requirements.

35. Defendants supplied its Construction Workers with shirts which they were sometimes required to wear while at work.

36. Defendants supplied Construction Workers with many of the tools necessary to perform their assigned duties.

37. Defendants assigned various tasks to Construction Workers, which they were required to perform.

38. Defendants required Construction Workers to be available at certain, pre-arranged times each day.

39. Construction Workers had no opportunity to share in Defendants' profits.

40. Construction Workers did not share in Defendants' losses.

41. Construction Workers did not have the opportunity to negotiate their pay rate with Defendants.

42. Defendants paid Construction Workers a set hourly rate which was determined by Defendants without input from Construction Workers, or at a set piece rate which was determined by Defendants without input from Construction Workers.

43. Defendants set prices to its customers without input or negotiation from Construction Workers.

44. Construction Workers did not negotiate contracts or prices with Defendants' customers.

45. Defendants determined where to locate Defendants' branches and offices without Construction Worker input.

46. Defendants made decisions regarding advertising Defendants' business without Construction Worker input.

47. Defendants made decisions regarding what new business to pursue or accept without Construction Worker input.

48. Defendants' managers or other individuals under authority of Defendants directed Construction Workers.

49. For some time during the three years preceding the filing of this Original Complaint, Plaintiff and other similarly situated employees each performed the duties of a Construction Worker on Defendants' behalf.

50. Plaintiffs and other similarly situated employees frequently worked more than forty (40) hours in a workweek.

51. Defendants failed to pay Plaintiffs and other similarly situated employees

**Page 6 of 13**
**Chad McCann, et al., v. CCI General Contractors, LLC, et al.**
**U.S.D.C. (E.D. Ark.) Case No. 4:20-cv-____**
**Original Complaint—Collective Action**

an overtime premium of one and one-half (1.5) times their regular rate of pay for all hours worked over forty (40) per week.

52. At all times relevant hereto, Defendants were aware of the minimum wage and overtime requirements of the FLSA and the AMWA.

## V. REPRESENTATIVE ACTION ALLEGATIONS

53. Plaintiffs repeat and re-allege all previous paragraphs of this Complaint as though fully set forth herein.

54. At all relevant times, Plaintiffs and all others similarly situated have been entitled to the rights, protections and benefits provided by the FLSA.

55. Plaintiffs brings their claim for relief for violation of the FLSA as a collective action pursuant to Section 16(b) of the FLSA, 29 U.S.C. § 216(b), on behalf of all persons who were, are, or will be employed by Defendants as similarly situated employees at any time within the applicable statute of limitations period, who are entitled to payment of the following types of damages:

A. An overtime premium for all hours worked in excess of forty (40) per week;

B. Liquidated damages; and

C. Costs of this action, including attorney's fees.

56. The proposed class of opt-in plaintiffs in this case is preliminarily defined as follows:

**All Construction Workers who worked more than forty (40) hours in any week within the past three years.**

57. The proposed FLSA collective members are similarly situated in that they share these traits:

A. They performed the same or similar job duties;

B.     They were subject to Defendants' common policy of classifying them as "independent contractors;"

C.     They were subject to Defendants' common policy of paying them a piece-rate per job;

D.     They were subject to numerous other common policies and practices as described in the Factual Allegations sections above; and

E.     They were subject to Defendants' common policy of not paying an overtime premium for all hours worked over forty (40) per week.

58.    At all relevant times, Defendants directly hired members of the putative class to work as Construction Workers; paid them wages; controlled their work schedules, duties, protocols, applications, assignments and employment conditions; and kept at least some records regarding their employment.

59.    At all relevant times, each member of the putative class regularly engaged in interstate commerce or handled, sold, or otherwise worked with goods or materials that had been moved in or produced for interstate commerce.

60.    Plaintiffs are unable to state the exact number of the class, but believe the number to be more than ten (10) individuals. Defendants can readily identify the members of the class, who are a certain portion of the current and former employees of Defendants.

61.    Each Plaintiff has filed or will soon file a written Consent to Join this lawsuit.

62.    The names and physical and mailing addresses of the probable FLSA collective action plaintiffs are available from Defendants, and notice should be provided

to the probable FLSA collective action plaintiffs via first class mail to their last known physical and mailing addresses as soon as possible.

63. The email addresses of many of the probable FLSA collective action plaintiffs are available from Defendants, and notice should be provided to the probable FLSA collective action plaintiffs via email to their last known email address as soon as possible.

64. Defendants' actions in denying overtime wages to Plaintiffs and all other similarly situated employees were intentional and constitute a willful violation of the FLSA.

## VI. FIRST CLAIM FOR RELIEF

### (Collective Action Claim for Violation of the FLSA)

65. Plaintiffs repeat and re-allege all previous paragraphs of this Complaint as though fully set forth herein.

66. Plaintiffs, on behalf of all others similarly situated, assert this claim for damages and declaratory relief pursuant to the FLSA, 29 U.S.C. § 201, *et seq.*

67. At all relevant times, Plaintiffs and all similarly situated employees have been entitled to the rights, protection, and benefits provided by the FLSA.

68. At all relevant times, Plaintiffs and all similarly situated employees have been "employees" of Defendants, as defined by 29 U.S.C. § 203(e).

69. At all relevant times, Defendants were an "employer" of Plaintiffs and all similarly situated employees, as defined by 29 U.S.C. § 203(d).

70. 29 U.S.C. §§ 206 and 207 require any enterprise engaged in commerce to pay all employees a minimum wage for all hours worked up to forty (40) in one week and to pay one and one-half times regular wages for all hours worked over forty (40)

hours in a week, unless an employee meets certain exemption requirements of 29 U.S.C. § 213 and all accompanying Department of Labor regulations.

71. Defendants misclassified Plaintiffs and all other similarly situated employees as independent contractors.

72. At all relevant times, Defendants willfully failed and refused to pay an overtime premium to Plaintiffs and other similarly situated employees for all hours worked over forty (40) per week.

73. By reason of the unlawful acts alleged herein, Defendants are liable to Plaintiffs and all other similarly situated employees for monetary damages, liquidated damages, and costs, including reasonable attorneys' fees, for all violations that occurred within the three (3) years prior to the filing of this Complaint.

## VII. SECOND CLAIM FOR RELIEF
### (Individual Claims for Violation of the FLSA)

74. Plaintiffs repeat and re-allege all previous paragraphs of this Complaint as though fully set forth herein.

75. At all relevant times, Plaintiffs have been entitled to the rights, protection, and benefits provided by the FLSA.

76. At all relevant times, Plaintiffs have been "employees" of Defendants as defined by 29 U.S.C. § 203(e).

77. At all relevant times, Defendants were an "employer" of Plaintiffs as defined by 29 U.S.C. § 203(d).

78. 29 U.S.C. §§ 206 and 207 require any enterprise engaged in commerce to pay all employees a minimum wage for all hours worked up to forty (40) in one week and to pay one and one-half times regular wages for all hours worked over forty (40)

hours in a week, unless an employee meets certain exemption requirements of 29 U.S.C. § 213 and all accompanying Department of Labor regulations.

79. Defendants misclassified Plaintiffs as independent contractors.

80. Defendants willfully failed and refused to pay Plaintiffs an overtime premium for all hours worked over forty (40) per week.

81. By reason of the unlawful acts alleged herein, Defendants are liable to Plaintiffs for monetary damages, liquidated damages, and costs, including reasonable attorneys' fees, for all violations that occurred within the three (3) years prior to the filing of this Complaint.

## VIII.   THIRD CLAIM FOR RELIEF
### (Individual Claims for Violation of AMWA)

82. Plaintiffs repeat and re-allege all previous paragraphs of this Complaint as though fully set forth herein.

83. At all relevant times, Plaintiffs have been entitled to the rights, protection, and benefits provided by the AMWA.

84. At all relevant times, Plaintiffs have been "employees" of Defendants, as defined by Ark. Code Ann. § 11-4-203(3).

85. At all relevant times, Defendants were an "employer" of Plaintiffs as defined by Ark. Code Ann. § 11-4-203(4).

86. Defendants failed to pay Plaintiffs a proper overtime premium for all hours worked over forty (40) per week, Ark. Code Ann. § 11-4-211.

87. Defendants' conduct and practice, as described above, has been and is willful, intentional, unreasonable, arbitrary and in bad faith.

88.     By reason of the unlawful acts alleged herein, Defendants are liable to Plaintiffs for monetary damages, liquidated damages and costs, including reasonable attorney's fees provided by the AMWA for all violations which occurred beginning at least three (3) years preceding the filing of this Complaint, plus periods of equitable tolling.

89.     Defendants have not acted in good faith nor with reasonable grounds to believe its actions and omissions were not a violation of the AMWA, and, as a result thereof, Plaintiffs are entitled to recover an award of liquidated damages in an amount equal to the amount of unpaid overtime premium pay described above pursuant to Ark. Code Ann. § 11-4-218.

90.     Alternatively, should the Court find that Defendants acted in good faith in failing to pay Plaintiffs as provided by the AMWA, they are entitled to an award of prejudgment interest at the applicable legal rate.

## IX.     PRAYER FOR RELIEF

WHEREFORE, premises considered, Plaintiffs Chad McCann, Tony Bryan and Kevin Abbott, each individually and on behalf of all others similarly situated, respectfully request this Court to grant the following relief:

A.     Declaratory judgment that Defendants' practices alleged in this Complaint violate the FLSA, the AMWA, and their related regulations;

B.     Certification of a class under Section 216 of the FLSA of all individuals similarly situated, as further defined in any motion for the same;

C.     Judgment for damages suffered by Plaintiffs and all others similarly situated for all unpaid compensation under the FLSA and its related regulations;

D. Judgment for liquidated damages owed to Plaintiff and all others similarly situated pursuant to the FLSA and its related regulations;

E. Judgment for damages suffered by Plaintiff for all unpaid minimum wage and unpaid overtime compensation under the AMWA and its related regulations;

F. Judgment for liquidated damages owed to Plaintiff pursuant to the AMWA and its related regulations;

G. An order directing Defendants to pay Plaintiff and all others similarly situated prejudgment interest, a reasonable attorney's fee and all costs connected with this action; and

H. Such other and further relief as this Court deems just and proper.

Respectfully submitted,

**CHAD MCCANN, TONY BRYAN and KEVIN ABBOTT, Each Individually and on Behalf of all Others Similarly Situated, PLAINTIFFS**

SANFORD LAW FIRM, PLLC
ONE FINANCIAL CENTER
650 S. SHACKLEFORD SUITE 411
LITTLE ROCK, ARKANSAS 72211
TELEPHONE: (501) 221-0088
FACSIMILE: (888) 787-2040

Courtney Lowery
Ark. Bar No. 2019236
courtney@sanfordlawfirm.com

Josh Sanford
Ark. Bar No. 2001037
josh@sanfordlawfirm.com

IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

**CHAD MCCANN, TONY BRYAN and KEVIN ABBOTT, Each Individually and on Behalf of all Others Similarly Situated** **PLAINTIFFS**

vs. No. 4:20-cv-184-BRW

**CCI GENERAL CONTRACTORS, LLC, and BRANDON OGLESBY** **DEFENDANTS**

**CONSENT TO JOIN COLLECTIVE ACTION**

I was employed as an hourly worker for CCI General Contractors, LLC, and Brandon Oglesby within the past three (3) years. I understand this lawsuit is being brought under the Fair Labor Standards Act for unpaid wages. I consent to becoming a party-plaintiff in this lawsuit, to be represented by Sanford Law Firm, PLLC, and to be bound by any settlement of this action or adjudication by the Court.

**TONY BRYAN**
February 24, 2020

**Josh Sanford, Esq.**
**SANFORD LAW FIRM, PLLC**
**One Financial Center**
**650 South Shackleford Road, Suite 411**
**Little Rock, Arkansas 72211**
**Telephone: (501) 221-0088**
**Facsimile: (888) 787-2040**
**josh@sanfordlawfirm.com**

IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

**CHAD MCCANN, TONY BRYAN and KEVIN ABBOTT, Each Individually and on Behalf of all Others Similarly Situated** **PLAINTIFFS**

vs. No. 4:20-cv-184-BRW

**CCI GENERAL CONTRACTORS, LLC, and BRANDON OGLESBY** **DEFENDANTS**

**CONSENT TO JOIN COLLECTIVE ACTION**

I was employed as an hourly worker for CCI General Contractors, LLC, and Brandon Oglesby within the past three (3) years. I understand this lawsuit is being brought under the Fair Labor Standards Act for unpaid wages. I consent to becoming a party-plaintiff in this lawsuit, to be represented by Sanford Law Firm, PLLC, and to be bound by any settlement of this action or adjudication by the Court.

**KEVIN ABOTT**
February 24, 2020

**Josh Sanford, Esq.**
**SANFORD LAW FIRM, PLLC**
**One Financial Center**
**650 South Shackleford Road, Suite 411**
**Little Rock, Arkansas 72211**
**Telephone: (501) 221-0088**
**Facsimile: (888) 787-2040**
**josh@sanfordlawfirm.com**