IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

CHAD MCCANN, TONY BRYAN and
KEVIN ABBOTT, Each individually and
on behalf of all others similarly Situated       PLAINTIFFS

VS.     NO. 4:20-CV-184-BRW

CCI GENERAL CONTRACTORS, LLC, and
BRANDON OGLESBY            DEFENDANTS

## BRIEF IN SUPPORT OF JOINT MOTION FOR APPROVAL OF STIPULATED FLSA COLLECTIVE ACTION SETTLEMENT

### I. INTRODUCTION

Plaintiffs Chad McCann, Tony Bryan, and Kevin Abbott ("Named Plaintiffs") and Defendants CCI General Contractors, LLC ("CCI") and Brandon Oglesby (collectively, "Defendants"), by and through undersigned counsel, jointly seek entry of stipulated judgment approving the Parties' executed Collective Action Settlement Agreement and Release (the "Agreement"), which resolves any claims arising out of the alleged misclassification of and failure to pay proper overtime premiums to individuals who worked as laborers on CCI's mobile phone retail store bundle project during the time period of February 24, 2018 through February 23, 2020. *See* Exhibit 1 to the Joint Motion. The Agreement was reached in compromise of a bona-fide dispute between the Parties and was negotiated in good faith. The Parties also seek approval of the proposed Notice of Settlement and Consent to Join Settlement form, *see* Exhibit 2 to the Joint Motion, and for settlement purposes only certification of the following Settlement Collective under 29 U.S.C. § 216(b):

Named Plaintiffs and the individuals who worked as laborers on CCI General Contractors, LLC's mobile phone retail store bundle project during the time period of February 24, 2018 through February 23, 2020[1] ("Settlement Collective Members").

## II. OVERVIEW OF AGREEMENT TERMS

Under the terms of the Agreement, the Parties have agreed to certification of the above-described Settlement Collective for settlement purposes only and provision of notice to the Settlement Collective Members of their rights to participate in the settlement and to recover their settlement payments by timely submitting a completed Consent to Join Settlement form. The Notice of Settlement and Consent to Join will be in the forms attached as Exhibit 2 to the Joint Motion, subject to any modifications required by the Court. The Notice will explain the procedures for joining the settlement and what effect joining or not joining the settlement will have on the Settlement Collective Members' legal rights. *See* Exhibit 2 to the Joint Motion, pp. 1-3. Class Counsel will distribute to the Settlement Collective Members the Court-approved Notice of Settlement, and the Settlement Collective Members will have 60 days from the date of mailing to submit their completed Consents to Join. *See* Exhibit 1 to the Joint Motion, pp. 4-5.

There are six (6) Settlement Collective Members in addition to the three (3) Named Plaintiffs. Defendants have agreed to pay each and every Settlement Collective Member who timely joins the settlement pursuant to the notice procedures set forth in the Agreement ("Participating Settlement Collective Member") an amount

---

[1] The settlement period reflects the two-year statute of limitations under the FLSA.

representing double the estimated underpayment of overtime wages due to the Participating Settlement Collective Member. *See id.*, pp. 2-3. To the extent possible, the Settlement Collective Members' own time records were used to calculate the alleged underpayment of overtime wages. Where Defendants do not have records showing actual hours worked by a Settlement Collective Member in a given workweek, the average number of weekly hours worked by those Settlement Collective Members with available time records was used. For each workweek at issue, a Settlement Collective Member's gross pay amount was divided by his actual or estimated hours worked to determine a regular rate, which was halved to determine an overtime premium rate and then multiplied by any actual or estimated hours worked over 40 by the Settlement Collective Member.[2]

The offered Settlement Amount to each Settlement Collective Member is listed in Appendix A to the Agreement. *See id.*, p. 13. These amounts represent 200% of the estimated underpayment due to each Settlement Collective Member using the above-described methodology, in recognition that liquidated damages equal to the amount of back pay generally are awarded in FLSA cases. If each Settlement Collective Member timely submits a Consent to Join Settlement form, the Settlement Amounts to be paid by Defendants would total $20,676.33. *See id.* Defendants' counsel will provide Class Counsel with the settlement payments issued to any Participating Settlement Collective Members. *See id.*, p. 5.

---

[2] Defendants provided Class Counsel with the underlying data and calculations that resulted in the amounts shown in Appendix A, and Class Counsel conducted their own analysis of the data and calculations.

Any Participating Settlement Collective Member who accepts payment by joining the settlement will provide the following release:[3]

> Upon the date a Participating Settlement Collective Member executes a Consent to Join form ("**Claim Form**") (and except as to such rights or claims as may be created by this Agreement), each Participating Settlement Collective Member fully releases and discharges Defendants and the Released Parties from any and all claims, debts, penalties, liabilities, demands, obligations, guarantees, costs, expenses, attorneys' fees, damages, actions or causes of action of whatever kind or nature, whether known or unknown, that were alleged or that reasonably arise out of the acts alleged in the Action, which includes all overtime-related claims under the FLSA and the AMWA, and including associated liquidated damages, interest, and penalty claims that were asserted or could have been asserted in this Action under state or federal law between February 24, 2017 until the date of execution of the Claim Form ("**Released Claims**"). Except as provided in Paragraph 7(c) as to the Named Plaintiffs, Participating Settlement Collective Members do not release any claim wholly unrelated to the wage and hour subject matter, specifically including those covered by workers' compensation, unemployment compensation, or discrimination law, or any other claims that cannot be released by law. The Parties agree that attorneys' fees and litigation costs for the claims released herein are excluded from the release and will be separately presented to the Court if not settled between the Parties by separate agreement as set forth above.

*See id.*, p. 6-7. Settlement Collective Members who do not join the settlement will not participate in the settlement and will not release any claims under the settlement. *See id.*, p. 7; *see also* Exhibit 2 to the Joint Motion, p. 3.

To ensure that attorneys' fees are in fact negotiated separately and without regard to Named Plaintiffs' FLSA claim, the Parties have not yet negotiated

---

[3] As provided in the Agreement, if the Court approves the Parties' Agreement, Defendants will issue an additional payment to each Named Plaintiff in exchange for general releases of all claims arising out of their employment with Defendants and agreements not to seek re-employment with Defendants. *See* Exhibit 1 to the Joint Motion, pp. 3, 7. The Agreement also includes a release of Defendants' pending counterclaim (falsification of time records) against Named Plaintiffs.

attorneys' fees and costs and will do so if, and only if, the Court approves the Parties' Joint Motion. *See Barbee v. Big River Steel, LLC*, 927 F.3d 1024, 1027 (8th Cir. 2019).

### III. ARGUMENT

"When employees bring a private action for back wages under the FLSA, and present to the district court a proposed settlement, the district court may enter a stipulated judgment after scrutinizing the settlement for fairness." *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1353 (11th Cir. 1982); *see also Melgar v. OK Foods*, 902 F.3d 775, 779 (8th Cir. 2018) ("we will assume without deciding that the district court has a duty to exercise some level of review of the Agreement"). Courts approve FLSA settlements when they are reached as a result of contested litigation to resolve *bona fide* disputes. *Lynn's Food Stores*, 679 F.2d at 1353 n.8. The adversarial nature of litigated FLSA cases is generally a sufficient indicator of the fairness of the settlement. *Id.* at 1353-54. If the proposed settlement is a reasonable compromise of contested issues, the district court should approve the settlement. *Id.* at 1354; *see also Sims v. Goodwill Industries of Arkansas*, No. 4:19-cv-00289-KGB, 2019 WL 5957177, at *2 (a proposed settlement that is reasonable to the employee and furthers implementation of the FLSA in the workplace should be approved) (citation omitted).

Given the genuine dispute between the Parties over the merits of the allegations of failure to pay proper overtime premiums for overtime hours worked, the Agreement should be considered a fair, reasonable, and adequate compromise. Moreover, under the Agreement, only individuals who join the settlement and accept

payment will waive any rights (including their FLSA claims) for hours worked. Thus, there is no concern that the rights of individuals who do not participate in the settlement will be affected. *See McKenna v. Champion Int'l Corp.*, 747 F.2d 1211, 1213 (8th Cir. 1984) (noting that FLSA collective actions do not implicate the same due process concerns as Rule 23 class actions because, under the FLSA, "parties may elect to opt in but a failure to do so does not prevent them from bringing their own suits at a later date"), *abrogated on other grounds by Hoffman-La Roche Inc. v. Sperling*, 493 U.S. 165 (1989).

Finally, the payment of attorney's fees will be negotiated separately and does not diminish the recovery by Participating Settlement Collective Members. Therefore, under controlling law, the Court is not required to approve the attorney's fee payment. *See Barbee*, 927 F.3d at 1027 (finding that 29 U.S.C. § 216 does not require approval of settled attorney's fees). There have been no negotiations regarding attorneys' fees and costs to date. If and when the Parties' liability settlement is approved by the Court, the Parties will begin to negotiate fees and costs. If the Parties are unable to reach an agreement on attorneys' fees and costs, Class Counsel will file with the Court a motion seeking an award of fees and costs.

### IV. CONCLUSION

The Parties respectfully request that the Court approve their executed Agreement and proposed notice and consent forms and certify the Settlement Collective described above and in the Joint Motion.

Respectfully submitted,

| | |
|---|---|
| SANFORD LAW FIRM, PLLC<br>10800 Financial Centre Pkwy, Suite 510<br><br>Little Rock, Arkansas 72211<br>Tel: 800-615-4946<br>Fax: 888-787-2040<br><br>By: Josh Sanford<br>    Ark. Bar No. 2001037<br>    josh@sanfordlawfirm.com<br><br>    Courtney Lowery<br>    Ark. Bar. No. 2019236<br>    courtney@sanfordlawfirm.com<br><br>*Attorneys for Plaintiffs* | WRIGHT, LINDSEY & JENNINGS LLP<br>200 West Capitol Avenue, Suite 2300<br>Little Rock, AR 72201-3699<br>(501) 371-0808<br>Fax: (501) 376-9442<br>Email: jkim@wlj.com;<br>       qwhiteside@wlj.com<br><br>By: Jane A. Kim (2007160)<br>    Quinten J. Whiteside (2015196)<br><br>*Attorneys for Defendants* |